**HUNTON ANDREWS KURTH LLP**
Ann Marie Mortimer (State Bar No. 169077)
amortimer@HuntonAK.com
Jason J. Kim (State Bar No. 221476)
kimj@HuntonAK.com
Brandon Marvisi (State Bar No. 329798)
bmarvisi@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone:  (213) 532-2000
Facsimile:  (213) 532-2020

Attorneys for Plaintiff
Meta Platforms, Inc. (f/k/a Facebook, Inc.)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER ALEXANDROVICH SOLONCHENKO, also known as "Solomame,"<br><br>Defendant. | CASE NO.:  3:21-CV-08230-LB<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**<br><br>Complaint Filed:  October 21, 2021 |

## I. INTRODUCTION

On December 8, 2022, following the hearing on Plaintiff Meta Platforms, Inc.'s (f/k/a/ Facebook, Inc.) motion for default judgment (hereinafter, the "Hearing"), the Court invited Meta to submit supplemental briefing regarding the forum selection clause in Meta's Terms. As detailed herein and in the moving papers, defendant Alexander Alexandrovich Solonchenko ("Defendant") consented to the personal jurisdiction of this Court when he agreed to the Terms, which contain a forum selection clause requiring him to submit to this Court's personal jurisdiction.

During the Hearing, the Court cited the decisions in *Facebook, Inc. v. Rankwave Co.*, 2019 WL 8895237 (N.D. Cal. Nov. 14, 2019) and *Facebook, Inc. v. Sahinturk*, 2022 WL 1304471 (N.D. Cal. May 2, 2022), to address the scope and interpretation of Meta's forum selection clause. Meta respectfully submits those decisions have no bearing on this case. Both *Rankwave* and *Sahinturk* interpreted a version of Meta's forum selection clause that materially differs from the version at issue here. The forum selection clause was updated to address the concerns raised by the courts in *Rankwave* and *Sahinturk*. And the updated forum selection clause is applicable here.

As shown below, the version of the forum selection clause at issue in those cases contained a perceived ambiguity created by the inclusion of a specifically-defined term ("claim") that no longer exists in the current forum selection clause. Meta removed that specifically-defined term, and, by extension, the perceived ambiguity that led to the decisions in *Rankwave* and *Sahinturk*.

## II. *RANKWAVE* AND *SAHINTURK* ARE INAPPLICABLE TO THE FORUM SELECTION CLAUSE BEFORE THE COURT

In *Rankwave* and *Sahinturk*, the court analyzed a different forum selection clause that is not at issue here. In both cases, the courts construed a perceived ambiguity based on the inclusion of a specifically-defined term, "claim," against the

drafter of the Terms, Meta. *See Rankwave*, 2019 WL 8895237, at *4; *Sahinturk*, 2022 WL 1304471, at *3.

But this Court need not consider that ambiguity—or the holdings of *Rankwave* and *Sahinturk*—because the Terms have been revised to address the perceived ambiguity.[1]

In the updated version of the forum selection clause, Meta removed the parenthetical that created the specifically-defined term "claim." The updated forum selection clause that Defendant agreed to and that specifically and unambiguously includes his consent to personal jurisdiction is as follows:

> If you are a consumer, the laws of the country in which you reside will apply to any claim, cause of action, or dispute you have against us that arises out of or relates to these Terms or the Facebook Products, and you may resolve your claim in any competent court in that country that has jurisdiction over the claim. In all other cases, you agree that the claim must be resolved exclusively in the U.S. District Court for the Northern District of California or a state court located in San Mateo County. You also agree that you submit to the personal jurisdiction of either of these courts for the purpose of litigating any such claim …

ECF 23-1 (Herter Decl.), Ex. A (7/31/19 Terms), at 6.

This is dispositive on the issue of personal jurisdiction, which is also independently met through Defendant's purposeful availment of the forum, as this Court has already found. The plain language of the Terms—and the forum selection clause therein—specifically requires Defendant to submit to the Court's jurisdiction in

---

[1] Meta respectfully disagrees with the decisions in *Rankwave* and *Sahinturk* insofar as they interpreted the forum selection clause in the prior version of Meta's Terms too narrowly. Under a plain reading of that clause, the first sentence identifies *who* must initiate litigation for that sentence to apply—*i.e.*, that sentence is limited to "consumers" that file suit "against" Meta. By contrast, the second sentence applies "[i]n all other cases" and omits any requirement as to who initiates litigation. Thus, the second sentence controls in cases where Meta files suit. *See, e.g., Alday v. Raytheon Co.*, 693 F.3d 772, 784 n.10 (9th Cir. 2012) ("[W]hen parties to the same contract use such different language to address parallel issues … it is reasonable to infer that they intend this language to mean different things.").

any case he has not initiated against Meta, including this one. Quite simply, if Defendant is a "consumer" and brings a claim "against" Meta, the claim proceeds in his country. "In all other cases," including cases initiated by Meta, the claim proceeds in this Court.

Indeed, courts construing Meta's updated forum selection clause have concluded that assent to Meta's Terms constitutes consent to this Court's jurisdiction in cases initiated by Meta. *See*, *e.g.*, *Facebook, Inc. v. ILikeAd Media Int'l Co. Ltd.*, 2022 WL 2289064, at *3 (N.D. Cal. Feb. 1, 2022) (finding personal jurisdiction based on identical forum selection clause); *Facebook, Inc. v. Gajjar*, No. 4:20-CV-02429-KAW, ECF No. 73 (N.D. Cal. Mar. 2, 2022) (same).

### III.  CONCLUSION

For the forgoing reasons, Plaintiff respectfully submits that Defendant consented to this Court's jurisdiction under the Terms pursuant to the forum selection clause.[2]

Dated:  December 15, 2022                                  **HUNTON ANDREWS KURTH LLP**

By:  */s/ Ann Marie Mortimer*
Ann Marie Mortimer
Jason J. Kim
Brandon Marvisi
Attorneys for Plaintiff
Meta Platforms, Inc.
(f/k/a Facebook, Inc.)

---

[2] Plaintiff agrees with the Court that personal jurisdiction exists based on Defendant's purposeful availment of the forum as well.